Russell B. Stowers (SB#012903/PC#64802)
RUSSELL B. STOWERS, PLLC
La Paloma Corporate Center
3573 East Sunrise Drive, Suite 215
Tucson, AZ 85718
(520) 209-2777 (telephone)
(520) 882-3249 (facsimile)
Russ@StowersWest.com
Counsel for Defendant
Alliant Techsystems, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raytheon Company, | Case No. _____ |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT**<br>**ALLIANT TECHSYSTEMS INC.** |
| Alliant Techsystems Inc., | |
| Defendant. | |

For its Answer to the Complaint for (1) Breach of Contract and (2) Breach of Express Warranty (the "Complaint") filed by Plaintiff Raytheon Company ("Plaintiff" or "Raytheon") on July 30, 2013, Defendant Alliant Techsystems Inc. ("Defendant" or "ATK") admits, denies and alleges as follows:

## PARTIES

1. Responding to Paragraph 1 of the Complaint, Defendant ATK admits that Raytheon is a Delaware corporation with its principal place of business in Massachusetts, that the Raytheon Missile Systems division is headquartered in Tucson, Arizona, and that

Raytheon contracts with the U.S Government to produce missiles for military and national defense purposes.   ATK lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 1.

2.      ATK admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Responding to Paragraph 3 of the Complaint, ATK admits that the U.S. District Court for the District of Arizona has jurisdiction over the subject matter and parties involved in this litigation, as does the U.S. District Court for the Eastern District of Virginia, where ATK has filed a lawsuit against Raytheon arising from the same dispute in *Alliant Techsystems Inc., Plaintiff, v. Raytheon Company, d/a/a Raytheon Company Missile Systems, Defendant,* Civil Action No. 1:13CV919-LO/IDD.   The remainder of Paragraph 3 states a legal conclusion to which no response is required.

4.      Paragraph 4 contains a legal conclusion to which no response is required.

5.      Paragraph 5 contains a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

6.      In response to Paragraph 6 of the Complaint, ATK admits that Raytheon issued Purchase Order No. 4200101184 to ATK, but avers that the terms of the Purchase Order are the best evidence of its content.   Paragraph 6 is otherwise denied.

7.      In response to Paragraph 7 of the Complaint, ATK admits that Raytheon issued Purchase Order No. 4200177249 to ATK, but avers that the terms of the Purchase Order are the best evidence of its content.   Paragraph 7 is otherwise denied

8.      In response to Paragraph 8 of the Complaint, ATK admits that Raytheon issued Purchase Order No. 4200279248 to ATK, but avers that the terms of the Purchase Order are the best evidence of its content.  Paragraph 8 is otherwise denied.

9.      In response to Paragraph 9 of the Complaint, ATK admits that Raytheon issued Purchase Order No. 4200081161, to ATK, but avers that the terms of the Purchase Order are the best evidence of its content.  Paragraph 9 is otherwise denied.

10.      In response to Paragraph 10 of the Complaint, ATK admits that Raytheon issued Purchase Order No. 4200230575 to ATK, but avers that the terms of the Purchase Order are the best evidence of its content.  Paragraph 10 is otherwise denied.

11.      ATK denies the allegations in Paragraph 11 of the Complaint, and avers that ATK's performance under the purchase orders was excused because of defective specifications, conduct of Raytheon that constituted waiver, an effective termination for convenience, and other affirmative defenses set forth in Paragraphs 30-41 below.

12.      ATK denies the allegations in Paragraph 12 of the Complaint.

13.      ATK lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies the allegations.

14.      Paragraph 14 of the Complaint refers to a series of written notices and correspondence from Raytheon to ATK.  Those documents speak for themselves and are the best evidence of their content.  Paragraph 15 is otherwise denied.

15.      In response to Paragraph 15 of the Complaint, ATK is informed and believes that Raytheon engaged another subcontractor to provide missile components that

3

Raytheon had contracted with ATK to provide, but ATK lacks information sufficient to form a belief as to the circumstances. ATK denies that Raytheon's decision to engage another subcontractor or Raytheon's decision to terminate one or more of its subcontracts with ATK was due to the fault of ATK.

16.     In response to Paragraph 16 of the Complaint, ATK admits that it entered into Standstill Agreement dated May 8, 2012, with Raytheon, but avers that the document is the best evidence of its content. Paragraph 16 is otherwise denied.

17.     In response to Paragraph 17 of the Complaint, ATK admits that it sent a letter dated May 9, 2013 to Raytheon, but avers that the terms of the letter are the best evidence of its content. Paragraph 17 is otherwise denied.

18.     In response to Paragraph 18 of the Complaint, ATK admits that Raytheon sent a letter dated May 24, 2013 to ATK, but avers that the terms of the letter are the best evidence of its content. Paragraph 18 is otherwise denied.

19.     In response to Paragraph 19 of the Complaint, ATK admits that Raytheon sent a letter dated June 17, 2013 to ATK, but avers that the terms of the letter are the best evidence of its content. ATK further admits that it received the notice on July 19, 2013. Paragraph 19 is otherwise denied.

20.     In response to Paragraph 20 of the Complaint, ATK admits only that it received correspondence from Raytheon dated July 30, 2013, purporting to terminate for alleged default the rocket motor portions of the Lot 23 and 24 IWR Contracts, but avers

that the terms of the correspondence are the best evidence of their content.  ATK denies the remainder of the allegations contained in Paragraph 20.

21.     In response to Paragraph 21 of the Complaint, ATK admits the existence of the IWR and BLRM Contracts, but avers that the terms of the contracts are the best evidence of their content.  Paragraph 21 is otherwise denied.

22.     ATK denies the allegations in Paragraph 22, and avers that the specifications contained within the IWR and BLRM Contracts are defective.   The remainder of Paragraph 22 references the terms of the IWR and BLRM Contracts, which are the best evidence of their content.  Paragraph 22 is otherwise denied.

### COUNT I – BREACH OF CONTRACT

23.     ATK incorporates Paragraphs 1-22 of its Answer by reference as though fully set forth herein.

24.     ATK denies the allegations in Paragraph 24.

25.     ATK denies the allegations in Paragraph 25.

26.     ATK denies the allegations in Paragraph 26.

### COUNT II – BREACH OF EXPRESS WARRANTY

27.     ATK incorporates Paragraphs 1-26 of its Answer by reference as though fully set forth herein.

28.     ATK denies the allegations in Paragraph 28.

29.     ATK denies the allegations in Paragraph 29.

## **GENERAL DENIAL, AFFIRMATIVE DEFENSES AND AMENDMENT**

30.     Defendant ATK denies each allegation of Plaintiff's Complaint not expressly admitted, denied or otherwise addressed above.  In addition, ATK asserts the following affirmative defenses.

31.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

32.     Plaintiff's claims are barred by the terms of the subcontracts and express warranties in question, including Federal Acquisition Regulation clauses incorporated by reference into the subcontracts and federal common law interpreting those clauses.

33.     Raytheon's claims are barred because Raytheon's actions constituted an effective partial termination for convenience of the subcontracts.

34.     Raytheon's recovery is barred by the doctrines of impossibility and/or commercial impracticability.

35.     Raytheon's recovery is barred by the doctrines of waiver and estoppel.

36.     Raytheon's recovery is barred by the doctrines of setoff and recoupment.

37.     Raytheon's recovery is barred because the subcontract specifications were defective.

38.     Raytheon's recovery is barred by the doctrine of mutual mistake.

39.     Raytheon's recovery is barred to the extent the recovery sought constitutes special or consequential damages barred by the terms of the subcontracts.

40.     Raytheon's recovery is barred to the extent that Raytheon failed to mitigate its damages.

6

41.   ATK reserves the right to amend its Answer and assert additional defenses and counterclaims as may be warranted, including but not limited to adding any defenses and/or counterclaims that may be asserted as claims or otherwise by ATK in *Alliant Techsystems Inc., Plaintiff, v. Raytheon Company, d/a/a Raytheon Company Missile Systems, Defendant,* Civil Action No. 1:13CV919-LO/IDD and which are incorporated herein by reference.

## PRAYER FOR RELIEF

Having fully answered the claims contained in Plaintiff's Complaint, Defendant Alliant Techsystems Inc. prays for the following relief:

A. The dismissal of Count I and Count II of Plaintiff's Complaint, any amendments thereto and any claims asserted therein with prejudice;

B. The award of attorneys' fees and court costs against Plaintiff and in favor of Defendant to the extent allowed by the parties' agreements and the applicable law, including but not limited to Arizona Revised Statutes § 12-341.01;

C. The award of interest of any award of attorneys' fees and costs in Defendant's favor to the extent allowed by the parties' agreements and the applicable law; and

D. Such other and further relief as the Court may deem appropriate.

1

    DATED this 29th day of August, 2013.

2                                        RUSSELL B. STOWERS, PLLC

3

4                                        By:  s/ Russell B. Stowers
                                         Russell B. Stowers
5                                        La Paloma Corporate Center
                                         3573 East Sunrise Drive, Suite 215
6                                        Tucson, AZ 85718
                                         Counsel for Defendant
7                                        Alliant Techsystems Inc.

8

9   Original filed via the Court's ECF system
    and copies transmitted electronically
10  this 29th day of August, 2013 to:

11

12  Joshua S. Akbar
    DENTONS US LLP
13  2398 E. Camelback Road
    Suite 1100
14  Phoenix, AZ 85016
15  joshua.akbar@dentons.corn
    Counsel for Plaintiff
16  Raytheon Company

17
    Robert F. Scoular
18  Steven H. Frankel
    DENTONS US LLP
19  601 South Figueroa Street, Suite 2500
20  Los Angeles, California 90017-5704
    robert.scoular@dentons.corn
21  steven.frankd@dentons.corn

22

23

24

25

26

27

28